# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| SURMAN MILLER,<br><br>                      Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                      Respondent. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:16CV589DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on the United States' Motion to Dismiss Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. On August 21, 2002, Petitioner Surman Miller was indicted for violations of 18 U.S.C. §§ 2243(a) and 1153(a) for sexual abuse of a minor while within Indian Country. Petitioner pleaded guilty to the charges and, on March 1, 2004, the Honorable David K. Winder sentenced Petitioner to 188 months incarceration with the Bureau of Prisons and a 36-month term of supervised release. Petitioner appealed, and the Tenth Circuit affirmed his 188-month sentence. On August 18, 2016, Petitioner was released from prison and his term of supervised release began. On March 2, 2017, Petitioner admitted to a violation of supervised release and the court placed Petitioner in the custody of the Bureau of Prisons for a term of twelve months and a day, with a 48-month term of supervised release.

In its motion, the United States argues that the court should dismiss Petitioner's 28

U.S.C. § 2255 motion because, among other things, *Johnson v. United States*, 135 S. Ct. 2551 (2015), does not apply to Petitioner's case and Petitioner's petition is untimely. Because the timeliness of Petitioner's petition affects the court's jurisdiction to entertain the merits of the petition, the court will address timeliness first. In addition, because the court concludes that Petitioner's petition is not timely, the court will not address the other arguments in the motion to dismiss.

"A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996). Under 28 U.S.C. § 2255, a prisoner in custody can move the court to vacate, set aside, or correct a sentence if the sentence was unconstitutional, illegal, in excess of the maximum authorized by law, or otherwise subject to collateral attack. A one-year statute of limitation applies to motions brought under § 2255.

> The limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The Judgment in Petitioner's underlying criminal case was entered on March 1, 2004. Petitioner filed an appeal, which was decided on November 8, 2004. Therefore, this court's Judgment became final, and the one-year statute of limitations began to run, on that date. Absent

an event restarting the one-year period, Petitioner would be time barred from filing a petition after November 8, 2005, which would include the § 2255 petition he filed on June 13, 2016.

However, Petitioner argues that the Supreme Court decision in *Johnson*, decided June 26, 2015, asserted a new right that is retroactively applicable to Petitioner's case and that restarted the one-year period under 28 U.S.C. § 2255(f)(3). Petitioner is correct that *Johnson* asserted a new right that was made retroactively applicable to cases on collateral review in *Welch v. United States*, 136 S. Ct. 1257 (2016). However, the right recognized by the Supreme Court in *Johnson* does not apply to Petitioner's case. In *Johnson*, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act ["ACCA"] violates the Constitution's guarantee of due process" because the residual clause of the ACCA is unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015). Petitioner's sentence was increased under the residual clause of the United States Sentencing Commission Guidelines ("USSG") § 4B1.2, not under the residual clause of the ACCA. Therefore, the right recognized in *Johnson* does not apply to Petitioner's case.

But Petitioner argues that the language in the residual clause of USSG § 4B1.2 is "virtually identical" to the language in the residual clause of the ACCA and that the right recognized in *Johnson* should apply to his case. *See United States v. Madrid*, 805 F.3d 1204, 1210 (10th Cir. 2015). As support for his position, Petitioner cites *United States v. Madrid*, where the Tenth Circuit relied on the reasoning in *Johnson* to "hold that the residual clause of § 4B1.2(a)(2) is void for vagueness." *Id.* at 1211.

The court disagrees with Petitioner's argument for two major reasons. First, a right

3

recognized by the Tenth Circuit is not sufficient under the terms of the relevant statute to grant the court the jurisdiction to modify Petitioner's sentence. *See* 28 U.S.C. § 2255(f)(3) (requiring a right to be "newly recognized by the *Supreme Court* and made retroactively applicable to cases on collateral review" (emphasis added)). In a recent case involving whether *Johnson* should be extended to invalidate 18 U.S.C. § 924(c), the Tenth Circuit explained that "the question is not whether a court of appeals has recognized the right at issue, but instead whether the Supreme Court itself has done so." *United States v. Autobee*, 2017 WL 2871893, *3 (10th Cir. July 6, 2017) (unpublished). Accordingly, the Tenth Circuit's extension of *Johnson* to the sentencing guidelines in *Madrid* is not determinative.

Second, even assuming a right recognized by the Tenth Circuit was sufficient to grant the court jurisdiction to modify Petitioner's sentence, *Madrid* is not directly applicable to Petitioner's case. The defendant in *Madrid* was sentenced under USSG 4B1.2 after the Supreme Court, in *United States v. Booker*, 543 U.S. 220 (2005), decided that the sentencing guidelines are advisory and not mandatory. In *Beckles v. United States*, the Supreme Court addressed whether the holding in *Johnson* applies to the advisory sentencing guidelines and held "that the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." 137 S. Ct. 886, 895 (2017). In determining that *Johnson* did not apply to the post-*Booker* advisory sentencing guidelines, the Supreme Court overruled *Madrid*. *See United States v. Pena*, No. 16-6340, 2017 WL 1826848, at *1 (10th Cir. May 4, 2017) (recognizing that "the U.S. Supreme Court overruled [*Madrid*] in *Beckles v. United States*"). The Supreme Court also recognized that it was not determining

4

whether *Johnson* applied to pre-*Booker* mandatory guidelines. *Beckles*, 137 S. Ct. at 903 n.4 (Sotomayor, J., concurring). Neither the Supreme Court in *Beckles* nor the Tenth Circuit in *Madrid* directly addressed "the question whether defendants sentenced to terms of imprisonment before [the Supreme Court's] decision in *United States v. Booker*, 543 U.S. 220 (2005) . . . may mount vagueness attacks on their sentences." *Beckles*, 137 S. Ct. at 903 n.4 (Sotomayor, J., concurring).

In this case, Petitioner was sentenced under the mandatory sentencing guidelines before the Supreme Court's decision in *Booker*. The court concludes that neither the Tenth Circuit's decision in *Madrid* nor the Supreme Court's decision in *Beckles* directly applies to Petitioner's case. Because neither the Supreme Court nor the Tenth Circuit has directly recognized a right to modify a sentence increased under the residual clause of USSG § 4B1.2 before *Booker*, the court concludes that Petitioner's § 2255 motion is untimely and this court lacks jurisdiction to modify Petitioner's sentence. Accordingly, the court grants the United States' Motion to Dismiss Petitioner's § 2255 motion.

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253, a certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir.2005) (quoting 28 U.S.C. § 2253(c)(2)). The court finds that "reasonable jurists could not debate whether the petition should have been resolved in a different manner or that the issues

presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). The court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right and, therefore, declines to issue a Certificate of Appealability. If Petitioner wishes to appeal the court's ruling on his motion, he must seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Accordingly, the United States' Motion to Dismiss is GRANTED and Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is DISMISSED for lack of jurisdiction.

DATED this 10th day of July, 2017.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge